**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| WESCO INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.: |
| RD EXPEDITED INC., ESTATE OF | ) | |
| ASHLEY FERGUSON JONES BY | ) | |
| MARSHALL JONES, ADMINSITRATOR, | ) | |
| MARSHALL JONES, INDIVIDUALLY, | ) | |
| A.J., PPA MARSHALL JONES, and M.J., | ) | |
| PPA MARSHALL JONES, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Wesco Insurance Company ("Wesco"), by and through its undersigned counsel, as and for its Complaint for Declaratory Judgment against RD Expedited Inc. ("RD Expedited"), Estate of Ashley Ferguson Jones by Marshall Jones, Administrator, Marshall Jones, Individually, A.J. PPA Marshall Jones, and M.J. PPA Marshall Jones, states as follows:

## NATURE OF THE ACTION

1.      In this action, Wesco seeks a determination of its rights and obligations under an insurance policy issued to RD Expedited in connection with the Underlying Action (as defined herein) filed by Defendants Estate of Ashley Ferguson Jones by Marshall Jones, Administrator, Marshall Jones, Individually, A.J. PPA Marshall Jones, and M.J. PPA Marshall Jones (collectively the "Jones Family Defendants"), which asserts certain claims against RD Expedited.

2.      The Underlying Action (defined herein) is pending in the United States District Court for the District of Connecticut.

3.    Plaintiff Wesco issued a commercial package policy (the "Policy" as defined herein) to RD Expedited as described more fully below.

4.    Defendant RD Expedited tendered the claims asserted against it in the Underlying Action to Wesco for a defense and indemnity under the Policy.

5.    The scope of coverage available to RD Expedited in connection with the claims asserted against it in the Underlying Action is governed by the terms, conditions, and exclusions of the Policy.

## JURISDICTION AND VENUE

6.    Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(a).

7.    Plaintiff Wesco is a corporation organized under the laws of the State of Delaware with its principal place of business in New York, New York. At all relevant times, Wesco conducted business in the State of Illinois.

8.    Defendant RD Expedited is a corporation organized under the laws of the State of Illinois with its principal place of business in Countryside, Illinois.

9.    Defendant Marshall Jones is a resident of Canterbury, Connecticut and a citizen of the State of Connecticut.  Plaintiff Wesco does not assert any claim against Defendant Jones in the Complaint and Jones has been named as a defendant in this action solely as a necessary and indispensable party.

10.    On or about December 17, 2016, Marshall Jones, the husband of Ashley Ferguson Jones, was appointed the Administrator of the Estate of Ashley Ferguson Jones.

11.    Defendant A.J., a minor, is a resident of Canterbury, Connecticut and a citizen of the State of Connecticut.  Plaintiff Wesco does not assert any claim against Defendant A.J. in the

Complaint and A.J. has been named as a defendant in this action solely as a necessary and indispensable party.

12.     Defendant M.J., a minor, is a resident of Canterbury, Connecticut and a citizen of the State of Connecticut.  Plaintiff Wesco does not assert any claim against Defendant M.J. in the Complaint and M.J. has been named as a defendant in this action solely as a necessary and indispensable party.

13.     Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiff Wesco, on the one hand, and Defendants RD Expedited and the Jones Family Defendants, on the other hand; and (b) the amount in controversy, including the potential costs of defending and indemnifying RD Expedited with regarding to the Underlying Action, exceeds $75,000, exclusive of interest and costs.

14.     An actual justiciable controversy exists between Plaintiff Wesco, on the one hand, and Defendant RD Expedited and the Jones Family Defendants, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liability of the parties hereto and to grant such relief as it deems necessary and proper.

## THE UNDERLYING ACTION

15.     On November 27, 2018, the Jones Family Defendants filed a lawsuit styled *Estate of Ashley Ferguson Jones by Marshall Jones, Administrator, et al. v. MGR Express, Inc., et al.* Case No. 3:18-cv-01923, in the United States District Court for the District of Connecticut.

16.     On June 23, 2022, the Case No. 3:18-cv-01923 was consolidated with Case No. 3:18-cv-00485 pending in the United States District Court for the District of Connecticut.  The consolidated case is hereinafter referred to as the "Underlying Action."

17.     On December 19, 2021, the caption of the complaint in the Underlying Action ("Complaint") was corrected to include RD Expedited.

18.     The Complaint asserts claims arising out of an auto accident that occurred on December 1, 2016 against RD Expedited, as well as other entities which include MGR Express, Inc., MGR Lease LLC, MGR Freight LLC, MGR Expedited, Inc., MGR Expedited 1 LLC, MGR Auto Lease LLC, MGR Truck Rental LLC, MGR Truck Sale, Inc., MGR Truck Repair, Inc., MGR Logistics, Inc., MGR 016 LLC, MGR 017 LLC, and Plainfield 014 LLC (the "MGR Defendants"). A true and correct copy of the Complaint is attached hereto as **Exhibit A**.[1]

19.     The Complaint alleges that, on December 1, 2016, while driving a tractor trailer owned by the MGR Defendants, Nicolae Marcu struck Ashley Ferguson Jones (the "Decedent") as she was standing outside of her vehicle on the shoulder of Interstate 95 near Old Lyme, Connecticut (the "Incident"). Ex. A, ¶¶ 23, 25-26.

20.     The Complaint further alleges that, as a result of this Incident, the Decedent suffered traumatic injuries that ultimately resulted in her death. Ex. A, ¶ 25.

21.      The Complaint asserts eight causes of actions against the MGR Defendants.

22.     The first cause of action asserts a claim of wrongful death pursuant to Conn. Gen. Stat. §52-555 based on negligence. Ex. A, ¶¶ 28-35.

23.     The second cause of action asserts a wrongful death claim pursuant to Conn. Gen. Stat. § 14-295 based on recklessness. Ex. A, ¶¶ 36-44.

24.     The third cause of action asserts a wrongful death claim based on common law recklessness. Ex. A, ¶¶ 45-53.

---

[1] The Complaint in the Underlying Action refers to RD Expedited and the MGR Defendants, collectively, as the "MGR Defendants."

25.     The fourth, fifth, and sixth causes of action assert claims for loss of consortium brought by the Decedent's husband (Marshall Jones), minor son (M.J.) and minor daughter (A.J.), respectively.  Ex. A, ¶¶ 54-59.

26.     The seventh cause of action asserts a claim for bystander emotional distress brought by the Decedent's minor daughter (A.J.).  Ex. A, ¶¶ 60-63.

27.     The eighth cause of action asserts claims for joint venture, alter ego, agency and piercing the corporate veil, alleging that the MGR Defendants operated as a joint venture.  Ex. A, ¶¶ 64-78.

28.     The relief sought in the Complaint includes $30 million in compensatory damages, special damages, punitive damages, double and triple damages as allowed by law, attorneys' fees, expenses and costs, and interest.  Ex. A, p. 26.

## POLICE REPORT

29.     Connecticut Uniform Policy Crash Report (Case No. 1600660412) (the "Police Report") states that the vehicle involved in the Incident giving rise to the Underlying Action was a 2001 Kenworth truck owned by MG Freight System Inc. and bore VIN number 1XKTDB9X31J874551.  A true and correct copy of the Police Report is attached hereto as **Exhibit B, p. 5**.

## THE POLICY

30.     Plaintiff Wesco issued a commercial package policy, policy number WMC1473464 00, to RD Expedited for the policy period of July 23, 2016 to July 23, 2017 (the "Policy"). A true and correct copy of the Policy is attached hereto as **Exhibit C**.

31.     The Motor Carrier Coverage Form of the Policy provides a $1 million liability limit per accident.  Ex. C, WIC013.

32. The Motor Carrier Coverage Form of the Policy provides the following relevant Insuring Agreement:

**SECTION I – COVERED AUTOS**

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

\* \* \*

**SECTION II – COVERED AUTOS LIABILITY COVERGE**

**A.** **Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" . . . to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

\* \* \*

We will have the right and duty to defend any "insured" against a "suit" asking for such damages . . . . However, we will have no duty to defend any "insured" against a "suit" seeking damage for "bodily injury . . . to which this insurance does not apply.

\* \* \*

Ex. C, WIC057-59.

33. The Motor Carrier Coverage Form of the Policy contains the following relevant Who Is An Insured Provision:

**1.** **Who Is An Insured**

The following are "insureds":

**a.** You for any covered "auto".

\* \* \*

Ex. C, WIC061.

34.     The Policy contains a Designated Insured for Covered Autos Liability Coverage endorsement, which provides as follows:

The endorsement modifies insurance provided under the following:

* * *

MOTOR CARRIER COVERAGE FORM

* * *

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by this endorsement.

This endorsement identifies person(s) or organization(s) who are "insureds" for Covered Autos Liability Coverage under the Who Is An Insured provision of the Coverage Form.  This endorsement does not alter coverage provided in the Coverage Form.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below:

| |
|---|
| **Named Insured:**  RD EXPEDITED INC. |
| **Endorsement Effective Date:** 7/23/2016 |

**SCHEDULE**

| |
|---|
| **Name Of Person(s) Or Organizations(s):** |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. |

Each person or organization shown in the Schedule is an "insured" for Covered Autos Liability Coverage, but only to the extent that person or organization qualifies as an "insured" under the Who Is An Insured provision contained in Paragraph **A.1.** of Section **II** – Covered Autos Liability Coverage in the Business Auto and Motor Carrier Coverage Forms and Paragraph **D.2.** of Section **I** – Covered Autos Coverages of the Auto Dealers Coverage Form.

Ex. C, WIC____.

35.    Section V – MOTOR CARRIER CONDITIONS of the Motor Carrier Coverage

Form of the Policy contains the following conditions:

**A.    Loss Conditions**

* * *

**2.    Duties In The Event Of Accident, Claim, Suit, Or Loss**

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

a.    In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the "accident" or "loss". Include:

**(1)**    How, when and where the "accident" or "loss" occurred;

**(2)**    The "insured's" name and address; and

**(3)**    To the extent possible, the names and addresses of any injured persons and witnesses.

b.    Additionally, you and any other involved "insured" must:

**(1)**    Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

**(2)**    Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

**(3)**    Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

**(4)**    Authorize us to obtain medical records or other pertinent information.

**(5)**    Submit to examination at our expense, by physicians of our choice, as often as we reasonably require.

Ex. C, WIC075.

36.     SECTION VI – DEFINITIONS of the Motor Carrier Coverage Form of the Policy contains the following relevant definitions:

**A.**     "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

**B.**     "Auto" means:

**1.**     A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or

**2.**     Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment".

**C.**     "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

* * *

37.     The Schedule of Coverages and Covered Auto contains in the Commercial Motor Carrier Coverage Declarations states that "autos" described in Symbol 61 are the only "autos" that qualify as covered "autos" under the Policy. Ex. C, WIC013.

38.     Symbol 61 of the Motor Carrier Coverage Form refers to "Any 'Auto'". Ex. C, WIC057.

39.     The Policy contains a Hired/Nonowned Auto Truckers endorsement, which provides as follows:

**THIS ENDORSEMENT CHANGES THE POLICY AND ANY ENDORSEMENT INCONSISTENT HEREWITH**

It is hereby agreed and understood that this policy of insurance is amended to include symbol 68 Hired "Autos" Only and symbol 71 Nonowned "Autos" (herein after referred to as "Hired/Nonowned Auto"), only under the following conditions:

(1)     The owner of the "Hired/Nonowned Auto" must have a separate current policy of insurance on said vehicle with limits of liability insurance of no less than $1,000,000 CSL which provides primary insurance for any "accident" or occurrence for said vehicle.  The Named Insured must provide Wesco Insurance Company with a copy of the Declarations Page and a Certificate of Insurance for the Policy of Insurance providing primary coverage to the "Hired/Nonowned Auto" prior to the vehicle becoming a covered "Auto" under this policy, and:

(2)     The owner of the "Hired/Nonowned Auto" must have a written agreement with the Named Insured to operate said vehicle which agreement must, at a minimum, specify that the owner and operator's insurance is primary and that Wesco Insurance Company policy provides coverage over and above such primary policy, and:

(3)     Coverage under Wesco Insurance Company's Policy of Insurance is effective only when the "Hired/Nonowned Auto" is operating pursuant to and within the course and scope of the contract that the "Named Insured has with  Wesco Insurance Company,

(4)     The Named Insured will submit any information on any "Hired/Nonowned Auto" that is requested by us.

Ex. C, WIC123.

40.     Symbol 68 of the Motor Carrier Coverage Form refers to "Hired 'Autos' Only" which means "Only those 'autos' you lease, hire, rent or borrow. This does not include any 'private passenger type' 'auto' you lease, hire, rent or borrow from any member of your household, any of your 'employees', partners (if you are a partnership), members (if you are a limited liability company), or agents or members of their households."  Ex. C, WIC057.

41.     Symbol 71 of the Motor Carrier Coverage Form refers to "Non-owned 'Autos' Only" which means "Only those 'autos' you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "private passenger type" 'autos' owned by your 'employees' or partners (if you are a partnership), members (if you are a limited liability company),

or members of their households but only while used in your business or your personal affairs."

Ex. C, WIC057.

42.     The Policy contains a Transportation Broker or Freight Forwarder Operations Liability and Commercial Inland Marine Cargo Coverage Exclusion endorsement which provides, in pertinent part, as follows:

This endorsement modifies insurance provided under the following:

*        *        *

Motor Carrier Coverage Form

*        *        *

The provision of the Coverage Form applies unless modified by this endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below

| Endorsement Effective:  7/23/2016 |
| Named Insured:  RD EXPEDITED INC. |

Liability Coverage shall not apply to transportation broker or freight forwarded operations of the "insured".

Ex. C, WIC175.

## THIS DISPUTE

43.     On August 17, 2021, RD Expedited provided notice of the Underlying Action to Wesco and requested a defense.

44.     On December 28, 2021, RD Expedited waived service of the Complaint in the Underlying Action without Wesco's consent.

45. On August 16, 2022, Wesco agreed to defend RD Expedited in connection with the Underlying Action pursuant to a full reservation of rights, including the right to disclaim any duty to defend or indemnify under the Policy.

46. On May 11, 2023, Wesco advised RD Expedited in writing that it disclaims any obligation under the Policy to defend and/or indemnify RD Expedited in connection with the claims asserted against it in the Underlying Action.

47. Wesco now brings this action to obtain a judicial declaration that it owes no duties under the Policy to defend or indemnify RD Expedited in connection with the claims asserted against it in the Underlying Action.

### Count I
### No Duty to Defend or Indemnify the MGR Defendants Under Auto Policy –
### Designated Insured for Covered Autos Liability Coverage Endorsement

48. Plaintiff Wesco incorporates by reference herein paragraphs 1 through 47 as if the same were fully set forth at length.

49. The Policy's Designated Insured for Covered Autos Liability Coverage endorsement modifies the Motor Carrier Coverage Form and provides, in pertinent part, that "[t]his endorsement identifies person(s) or organization (s) who are "insureds" for Covered Autos Liability Coverage under the Who Is An Insured provision of the Coverage Form" and states "**Named Insured**: RD EXPEDITED INC." and **Endorsement Effective Date**: 7/23/2016." Ex. C, WIC____.

50. The Policy's Designated Insured for Covered Autos Liability Coverage endorsement further provides that "[e]ach person or organization shown in the Schedule is an "insured" for Covered Autos Liability Coverage, but only to the extent that person or organization qualifies as an "insured" under the Who Is An Insured provision contained in Paragraph **A.1.** of

Section **II** – Covered Autos Liability Coverage in the Business Auto and Motor Carrier Coverage Forms . . ." Ex. C, WIC____.

51.     The Schedule of the Policy's Designated Insured for Covered Autos Liability Coverage endorsement states as follows:

**SCHEDULE**

| **Name Of Person(s) Or Organizations(s):** |
| --- |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. |

52.     The Schedule of the Policy's Designated Insured for Covered Autos Liability Coverage endorsement does not identify MGR Express, Inc., MGR Lease LLC, MGR Freight LLC, MGR Expedited, Inc., MGR Expedited 1 LLC, MGR Auto Lease LLC, MGR Truck Rental LLC, MGR Truck Sale, Inc., MGR Truck Repair, Inc., MGR Logistics, Inc., MGR 016 LLC, MGR 017 LLC or Plainfield 014 LLC as an "insured" for Covered Autos Liability Coverage of the Policy.

53.     Accordingly, pursuant to the operation of the Policy's Designated Insured for Covered Autos Liability Coverage endorsement, MGR Express, Inc., MGR Lease LLC, MGR Freight LLC, MGR Expedited, Inc., MGR Expedited 1 LLC, MGR Auto Lease LLC, MGR Truck Rental LLC, MGR Truck Sale, Inc., MGR Truck Repair, Inc., MGR Logistics, Inc., MGR 016 LLC, MGR 017 LLC and Plainfield 014 LLC do not qualify as "insureds" for Covered Autos Liability Coverage under the Policy in connection with the claims that are asserted against those entities in the Underlying Action.

**Count II**
**No Duty to Defend or Indemnify RD Expedited Under Auto Policy – Symbol 61**

54. Plaintiff Wesco incorporates by reference herein paragraphs 1 through 53 as if the same were fully set forth at length.

55. Section II – Covered Autos Liability Coverage of the Policy provides, in pertinent part, that "[w]e will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance, or use of a covered 'auto'" Ex. C, WIC059.

56. The Schedule of Coverages and Covered Autos contained in the Commercial Motor Carrier Coverage Declarations of the Policy states that "autos" described in Symbol 61 qualify as covered "autos" under the Policy. Ex. C, WIC013.

57. Symbol 61 of the Motor Carrier Coverage Form refers to the "Description Of Covered Auto Designation Symbols" and describes the covered "autos" that qualify under Symbol 61 as "Any 'Auto'". Ex, C, WIC057.

58. The Policy defines, in pertinent part, "auto" to mean a "land motor vehicle, trailer or semitrailer designed for travel on public roads . . . ." Ex. C, WIC079.

59. The Police Report states the vehicle involved in the Incident giving rise to the Underlying Action was a 2001 Kenworth truck owned by MGR Freight System Inc. and bore VIN number 1XKTDB9X31J874551. Ex. B, p. 5.

60. The Police report states that the 2001 Kenworth truck involved in the Incident giving rise to the Underlying Action was owned by MGR Freight System Inc. Ex. B, p. 6.

61. The 2001 Kenworth truck was not owned, maintained, or used by RD Expedited.

62. Accordingly, because the 2001 Kenworth truck involved in the Incident was not owned, maintained, or used by RD Expedited as required by the Symbol 61, the claims asserted

against RD Expedited in the Complaint do not fall within the scope of coverage afforded under the Policy.

WHEREFORE, Plaintiff Wesco seeks a judgment that it owes no duty under the Policy to defend or indemnify Defendant RD Expedited in connection with the claims asserted against it in the Complaint filed in the Underlying Action.

**Count III**
**No Duty to Defend or Indemnify RD Expedited Under Auto Policy**
**– Hired/Nonowned Auto Truckers Endorsement**

63.     Plaintiff Wesco incorporates by reference herein paragraphs 1 through 61 as if the same were fully set forth at length.

64.     The Policy's Hired/Nonowned Auto Truckers endorsement modifies the Motor Carrier Coverage Form and states it is "hereby agreed and understood that this policy of insurance is amended to include symbol 68 Hired "Autos" Only and symbol 71 Nonowned "Autos" (herein after referred to as "Hired/Nonowned Auto"), only under the following conditions".  Ex. C, WIC123.

65.     The Hired/Nonowned Auto Truckers endorsement contains four conditions that are required for coverage under the Policy. Ex. C, WIC123.

66.     The conditions of the Hired/Nonowned Auto Truckers endorsement were not satisfied by RD Expedited prior to the Incident giving rise to the Underlying Lawsuit.

66.     Since the conditions of the Hired/Nonowned Auto Truckers endorsement were not satisfied by RD Expedited, the 2001 Kenworth truck does not qualify as an "auto" pursuant to Symbol 68 - Hired "Autos" Only or Symbol 71 - Nonowned "Autos".

67.     Accordingly, because the conditions of the Hired/Nonowned Auto Truckers endorsements are not satisfied , the claims asserted in the Complaint do not fall within the scope of coverage afforded under the Policy.

WHEREFORE, Plaintiff Wesco seeks a judgment that it owes no duty under the Policy to defend or indemnify Defendant RD Expedited in connection with the claims asserted against it in the Complaint filed in the Underlying Action.

**Count III**
**No Duty to Defend or Indemnify RD Expedited Under Auto Policy**
**– Transportation Broker or Freight Forwarder Exclusion**

68.     Plaintiff Wesco incorporates by reference herein paragraphs 1 through 67 as if the same were fully set forth at length.

69.     Even if the 2001 Kenworth truck qualifies as a covered "auto" under the Policy, the Transportation Broker or Freight Forwarder Operations Liability and Commercial Inland Marine Cargo Coverage Exclusion endorsement ("Transportation Broker or Freight Forwarder Exclusion") operates to preclude coverage in this matter.

70.     The Transportation Broker or Freight Forwarder Exclusion states "[l]iability [c]overage shall not apply to transportation broker or freight forwarded operations of the 'insured'." Ex. C, WIC175.

71.     To the extent RD Expedited was involved in the Incident giving rise to the Underlying Lawsuit, it did so as a freight forwarder.

72.     Accordingly, even if the 2001 Kenworth truck qualifies as covered "auto" under the Policy, coverage for the claims asserted against RD Expedited would be precluded by operation of the Transportation Broker or Freight Forwarder Exclusion.

WHEREFORE, Plaintiff Wesco seeks a judgment that it owes no duty under the Policy to defend or indemnify Defendant RD Expedited in connection with the claims asserted against it in the Complaint filed in the Underlying Action.

**Count IV**
**No Duty to Defend or Indemnify RD Expedited Under Auto Policy – Policy Conditions**

67.     Plaintiff Wesco incorporates by reference herein paragraphs 1 through 72 as if the same were fully set forth at length.

73.     Even if the 2001 Kenworth truck qualifies as a covered "auto" under the Policy, coverage under the Policy for the claims asserted against RD Expedited in the Underlying Action would be precluded due to RD Expedited's violation of certain conditions contained in the Policy.

74.     Section V – Motor Carrier Conditions of the Policy enumerates certain duties that RD Expedited must satisfy in the event of an "accident", claim, "suit" or "loss".  Ex. C, WIC075.

75.     In particular, Section V – Motor Carrier Conditions provides that "[i]n the event of 'accident', claim, 'suit' or 'loss', [RD Expedited] must give us or our authorized representative prompt notice of the 'accident' or 'loss'."  Ex. C, WIC075.

76.     The Underlying Action arises out of an "accident" that occurred on December 1, 2016 and a "suit" (the Underlying Action) was filed on November 27, 2018 against RD Expedited in connection with such "accident".  Ex. A, ¶ 23.

77.     RD Expedited provided Wesco with initial notice of the Underlying Action in a letter dated August 17, 2021, more than four and a half years after the subject accident and approximately two years and nine months after the "suit" was filed.

78.     Accordingly, even if the 2001 Kenworth truck qualifies as a covered "auto" under the Policy, coverage for the claims asserted against RD Expedited in the Underlying Action would be precluded because RD Expedited failed to comply with the "prompt notice" of 'accident'"

and/or "suit" requirement of the "Duties In The Event Of Accident, Claim" condition of the Motor Carrier Conditions section of the Policy.

79.     Section V – Motor Carrier Conditions of the Policy enumerates certain duties that RD Expedited must satisfy in the event of an "accident", claim, "suit", or "loss".  Ex. C, WIC075.

80.     In particular, Section V – Motor Carrier Conditions of the Policy provides that RD Expedited must "[a]ssume no obligation, make no payment or incur no expense without [Wesco's] consent, except at the 'insured's' own cost."  Ex. C, WIC075.

81.     Through its investigation of this matter, Wesco has determined that, despite not having been served with the Complaint in the Underlying Action for more than three years after its filing,  RD Expedited agreed on December 21, 2021 to waive service of the Underlying Action without Wesco's consent.

82.     Accordingly, even if the 2001 Kenworth truck qualifies as a covered "auto" under the Policy, coverage under the Policy for the claims asserted against RD Expedited in the Underlying Action would be precluded because, by waiving the requirement that the Plaintiffs properly serve it with the Complaint in the Underlying Action without Wesco's consent, RD Expedited violated its duty under the "Duties In The Event Of Accident, Claim" condition  of the Policy not to assume any obligations without Wesco's consent.

WHEREFORE, Plaintiff Wesco seeks a judgment that it owes no duty under the Policy to defend or indemnify Defendant RD Expedited in connection with the claims asserted against it in the Complaint filed in the Underlying Action.

## **PRAYER FOR RELIEF**

Plaintiff Wesco Insurance Company hereby respectfully requests the entry of an order and judgment in its favor and against Defendants RD Expedited Inc. and the Jones Family Defendants, declaring as follows:

a.   This Court has jurisdiction over the parties and the subject matter of this litigation;

b.   The Policy does not provide coverage to Defendant RD Expedited for the claims asserted against it in the Complaint filed in the Underlying Action;

c.   Plaintiff, Wesco Insurance Company, does not owe a duty under the Policy to defend or reimburse defenses costs incurred by Defendant RD Expedited in connection with the claims asserted against it in the Complaint filed in the Underlying Action;

d.   Plaintiff Wesco Insurance Company does not owe a duty under the Policy to indemnify Defendant RD Expedited in connection with the claims asserted against it in the Complaint filed in the Underlying Action;

e.   Plaintiff Wesco Insurance Company is entitled to an award of its costs; and

f.   Such other further relief as this Court deems just and appropriate.

Dated: May 11, 2023

Respectfully Submitted,

By:   */s/ James J. Hickey*
James J. Hickey, Atty. No. 6198334
Colin B. Willmott, Atty. No. 6317451
James.Hickey@kennedyslaw.com
Colin.Willmott@kennedyslaw.com
KENNEDYS CMK
30 S. Wacker Drive, Suite 3650
Chicago, IL 60606
Phone: (312) 800-5029
*Attorneys for Wesco Insura*